# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:13 CR 34

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| WILLIAM DEAN HYATT. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on April 29, 2014. It appearing to the Court at the call of this matter on for hearing the Defendant was present with his attorney, Kris Williams and the Government was present and represented through Assistant United States Attorney John Pritchard. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On December 3, 2013 a bill of indictment was issued charging the Defendant with possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). On April 29, 2014, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the Defendant to that charge. At the end of the Rule 11

1

proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.**  18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

>    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

>    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

>    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has entered a plea of guilty to possession with intent to distribute oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney John Pritchard as to whether or not there will be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Pritchard advised the Court that such a recommendation could not be made in this matter.

The undersigned cannot find there is a likelihood that a motion for acquittal

or new trial will be granted due to the plea of guilty of Defendant. From the statements of Mr. Pritchard, it does not appear there will be a recommendation that no sentence of imprisonment be imposed upon the Defendant. It would thus appear, and the Court is of the opinion that the Court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

Both counsel for Defendant and the Assistant United States Attorney advised the Court that neither the Defendant nor the Government had any objection to the Defendant being continued on terms and conditions of pretrial release. However, no evidence was presented by either the Defendant or the Government that would show any type of exceptional circumstances that would merit the continued release of Defendant, nor was there any reason provided as to why the Court should ignore the mandatory provisions of 18 U.S.C. § 3143(a)(2). There being no further evidence, the undersigned will enter an Order in compliance with the statute.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: May 1, 2014

Dennis L. Howell
United States Magistrate Judge